**JAMES W. LAWSON, P.C., Plaintiff,**

v.

**NEVADA POWER COMPANY, Defendant.**

**Civ. A. No. 90–0749–GHR.**

United States District Court, District of Columbia.

June 4, 1990.

James W. Lawson, Kensington, Md., pro se.

Thomas M. Buchanan, Cathy L. Burgess, Bishop, Cook, Purcell & Reynolds, Washington, D.C., for defendant.

## ORDER

REVERCOMB, District Judge.

This matter is before the Court pursuant to the defendant's motion to disqualify James W. Lawson as attorney of record.

### A. *Facts*

James W. Lawson has filed the instant suit in order to recover legal fees for services that he allegedly performed for the defendant, Nevada Power Company, from October 1988 until March 1989. The plaintiff intends to represent himself.

### B. *Discussion*

The defendant contends that the plaintiff should be disqualified from representing himself because he will be required to appear as both counsel and witness. The defendant relies upon Disciplinary Rule 5–102(A) of the D.C.Code of Professional Responsibility which provides that an attorney who appears as a witness "shall withdraw from the conduct of the trial." However, the defendant ignores the express exception to this rule which provides that withdrawal is not required

> [i]f the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.

DR 5–101(B)(3). The instant complaint for fees for services rendered is squarely within the terms of the exception and the defendant's reliance on DR 5–102(A) is accordingly misplaced.

More fundamentally, however, DR 5–102(A) applies only in cases in which counsel has been employed, *i.e.*, retained by a third-party client, and *not* in cases in which the lawyer is representing himself. *See O'Neil v. Bergan*, 452 A.2d 337 (D.C.1982) ("DR 5–101(B) does not bar an attorney from appearing pro se and testifying in his or her own case").

The defendant's reliance on *D.C. Ethics Opinion No. 44* (Jan. 24, 1978) is in fact supportive of the plaintiff's position. The defendant is correct that the opinion recognizes the inherent problems that arise where an attorney represents himself and is thus advocate and witness in a single proceeding. The opinion specifically provides that such *pro se* representation forces the courts to "abandon the traditional question-and-answer method of presenting testimony or make a mockery of the process by requiring attorneys to ask and answer their own questions." The opinion further expresses the concern that "[t]he trier of fact—especially if it is a jury—might well be confused when an attorney serves as both a witness and an advocate in the same trial." However, the defendant disregards the remainder of the opinion which expressly concludes that notwithstanding these clearly identifiable concerns an attorney has the right to represent himself:

> As important as these justifications may be, it must be noted that the dangers to which they are directed exist in all *pro se* cases and have not generally been viewed as sufficient to overcome our societal interest in permitting self-representation.

This Court is concerned that the defendant attempts to impute the plaintiff's ethics by his decision to represent himself. The defendant states:

> Mr. Lawson, as an experienced litigator, knows full well the ethical provisions governing self-representation in this Court, and he should be required to abide by them.

As the above discussion illustrates, the ethical provisions regarding self-representation are clear and the plaintiff in fact is in full compliance with them.

Accordingly, it hereby is

ORDERED that the defendant's motion to disqualify James W. Lawson as attorney of record be, and the same hereby is, DENIED.